IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>WESTERN DIVISION</u>

| | |
|---|---|
| KELVEY SARGENT | ) |
| | ) |
| v. | ) CR. NO. 96-AR-60-W |
| | ) CV. NO. 99-AR-8011-W |
| UNITED STATES OF AMERICA | ) |

<u>MEMORANDUM OF OPINION</u>

Kelvey Sargent, movant, has filed objections in which he challenges the magistrate judge's treatment of his motion filed in September 2004. The September 2004 motion is entitled Motion for the Court to Invoke Inherent Supervisory Powers and to Vacate Sentence/Conviction and Grant New Trial. The magistrate judge considered this pleading as an amendment to the § 2255 motion and concluded that the motion was untimely because it did not relate back to the original § 2255 motion.

In his objection, Sargent states that his September 2004 motion was "not to be taken as a relate back motion. It was meant to stand alone on the grounds that petitioner stated." On July 19, 2005, the Eleventh Circuit Court of Appeals recognized that "federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law." *United States v. Holt*, ___ F.3d ___ (11th Cir. 2005), quoting *United States v. Ayala*, 894 F.2d 425, 428 (D.C. Cir. 1990). The court declined, however, to fill the gaps when the relief sought was cognizable under § 2255. In *Holt*, the petitioner sought to proceed under a writ of *audita querala* to vacate his conviction or sentence. In this case Sargent seeks to proceed under an amorphous theory identified as the Inherent Supervisory Powers in order to vacate his conviction or sentence. Under § 2255, a federal prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence." Sargent has long been aware of how to proceed under § 2255. He filed his original Motion to Vacate pursuant to § 2255. Sargent may not evade the limitations period through the expedient re-labeling of his untimely

motion as something other than a § 2255. The magistrate judge correctly construed the September 2004 motion as a motion to amend and further correctly concluded that it was untimely and did not relate back to claims raised in the original § 2255 motion to vacate.

Sargent has also argued that the magistrate judge's discussion on the merits is faulty because it relied on cases involving the drug conspiracy statute, 18 U.S.C. § 846, rather then the general conspiracy statute, 18 U.S.C. § 371. In *United States v. Gafyczk*, 847 F.2d 685 (11th Cir. 1988), the criminal defendants who had been convicted under § 371 presented the same argument that Sargent makes – i.e. that they were charged with a single conspiracy when the government in fact proved two conspiracies. The appellate court noted that this argument

> was founded solely on the conspiracy rule of *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). In *Kotteakos*, the Supreme Court reversed a conviction where it determined that the defendants, who had been charged with one conspiracy, had suffered substantial undue prejudice in being convicted on evidence that proved the existence of eight separate conspiracies.
>
> ....
>
> We note that proof of multiple conspiracies does not in itself constitute reversible error. In *United States v. L'Hoste*, 609 F.2d 796 (5th Cir. 1980), the Fifth Circuit stated that:
>
>> "[p]roof of multiple conspiracies does not automatically constitute a fatal variance from a single [conspiracy] charged...." Instead, the inquiry must focus on whether the variance affects the substantial rights of the accused. If the Government proves multiple conspiracies and a defendant's involvement in at least one of them, then clearly there is no variance affecting that defendant's substantial rights.
>
> *Id.* at 801 (citations omitted)(quoting *United States v. Wayman*, 510 F.2d 1020, 1025 (5th Cir.), *cert. denied*. 423 U.S. 846, 96 S.Ct. 84, 46 L.Ed.2d 67 (1975). We have also previously held that "[t]he existence of multiple conspiracies requires reversal only where the defendant's

>   involvement in a particular conspiracy is not the conspiracy charged in the indictment." *United States v. Dekle*, 768 F.2d 1257, 1261 (11th Cir. 1985).

*Gafyczk*, 847 F.2d at 693.

Assuming, without deciding, that there were two conspiracies based on the allegations in the indictment, the government proved Sargent's involvement in both. There was no variance which affected his substantial rights.

Based on the foregoing, the court concludes that Sargent's objections are due to be overruled and the § 2255 motion to vacate is due to be denied. A separate order consistent with this memorandum of opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the 18th day of August, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE